■ DANIEL TEPPER, Appellant, v PERICLES CONSTANTINOU, Respondent. — Order of the Supreme Court, New York County

(White, J.), entered May 1, 1984, which denied plaintiff's motion to restore this case to the Trial Calendar and to vacate the prior dismissal of this action with prejudice, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion to restore the matter to the Trial Calendar and to vacate the dismissal of the action with prejudice is granted, on condition that within 30 days after the date of this order plaintiff's counsel pay to defendant the sum of $1,000, and in default of such payment, the order appealed from is affirmed, with costs.

In denying plaintiff's motion to restore this action to the Trial Calendar, the trial court was understandably influenced by the apparent contradiction between the court records, which disclosed dismissal with prejudice of this action because of the nonappearance of plaintiff's counsel in the Calendar Part, and the affirmation of plaintiff's counsel that he had in fact been present in court at the beginning of the day. Although the trial court's evaluation was understandable, we are persuaded that there is a substantial basis for the view that the affirmation of plaintiff's counsel may be reconciled with the apparently contrary entry in the court records.

We think there is a substantial possibility that plaintiff's counsel in fact appeared at 9:30 at the opening of the court day, and prior to the appearance of defense counsel, he requested of the clerk an adjournment to another day and was told that there would be such an adjournment, and that the adjournment was not, through inadvertence, noted when the case was thereafter called. This seems to us on the whole more likely than the thesis that plaintiff's counsel falsely claimed that such an event had occurred, and that he had attempted to conceal his nonappearance by having an attorney in his office appear on the later date.

This is not to say that the conduct of plaintiff's counsel with regard to his obligations to appear on the calendar date, as he describes his conduct, is to be approved. Particularly in light of prior defaults, it was unacceptable for him to secure an adjournment of the date at 9:30 in the morning just prior to the appearance of opposing counsel. Given the apparently substantial character of the action, we believe the situation is more appropriately addressed by fixing substantial costs on plaintiff's counsel rather than by dismissing the action. Concur — Kupferman, J. P., Sandler, Bloom and Kassal, JJ.